United States District Court
Southern District of Texas
ENTERED
November 16, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PEDRO GARCIA CAMARILLO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-7996 |
| | § | |
| RANDY TATE, et al., | § | |
| | § | |
| Respondents. | § | |

**MEMORANDUM OPINION AND ORDER**

Pedro Garcia Camarillo ("Petitioner"), a citizen of Mexico, was admitted to the United States on a K3 visa on June 30, 2009.[1] On February 15, 2017, Petitioner pleaded guilty to the offense of attempted possession of a controlled substance from the 379th District Court of Bexar County, Texas.[2] On September 26, 2025, Petitioner pleaded guilty to the offense possession of a controlled substance from the 227th District Court of Bexar County, Texas.[3] On February 13, 2026, Petitioner was taken into immigration custody.[4] On October 5, 2026, Petitioner was served with a Notice to Appear, charging him with inadmissibility pursuant to § 237(a)(1)(A) of the Immigration and Nationality Act, as an "alien having committed an act which constitutes the essential elements of a violation of (or conspiracy or attempt to violate) any law or regulation of a State, the United States,

---

[1]Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Habeas Petition"), Docket Entry No. 1, p. 1 ¶ 1; Motion for Stay and Summary Judgment and Response to Habeas Petition ("Respondents' MSJ"), Docket Entry No. 6, p. 2. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Respondents' MSJ, Docket Entry No. 6, p. 2.

[3]Id.

[4]Habeas Petition, Docket Entry No. 1, p. 6 ¶ 13.

or a foreign country relating to a controlled substance."[5] Petitioner remains in immigration custody under 8 U.S.C. § 1226(a).[6]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1). Petitioner argues that he is being detained indefinitely and that he has not received any information regarding his detention.[7] Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 6). Respondents argue that Petitioner is legally detained under § 1226(a) and that his Habeas Petition must be dismissed because he has failed to exhaust his administrative remedies.[8]

"Immigration habeas petitioners must exhaust administrative and judicial remedies available to them prior to seeking habeas relief through the district courts under 28 U.S.C. § 2241." Singh v. U.S. Immigration and Customs Enforcement, Civil Action No. H-22-3432, 2023 WL 3571958, at *2 (S.D. Tex. Apr. 26, 2023). Petitioner has not exhausted his available remedies for challenging his current detention. Specifically, under § 1226(a), Petitioner can request a custody redetermination (bond hearing) by an immigration judge at anytime before a final order of removal is issued. See 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1), 1003.19. Petitioner has made no such request following his detention on February 13, 2026. Habeas relief is thus unwarranted.

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 6) is **GRANTED,** and Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Docket Entry No. 1) is **DENIED**.

---

[5]Respondents' MSJ, Docket Entry No. 6, p. 2.

[6]Id.

[7]Habeas Petition, Docket Entry No. 1, p. 6 ¶ 13.

[8]Respondents' MSJ, Docket Entry No. 6, pp. 1-2.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 16th day of November, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE